Dear Senator Scott:
This opinion is in response to your question asking:
 May funds paid into the registry of a circuit court be invested in mutual funds?
Section 483.310, RSMo 1986, provides in part:
 483.310. Investment of funds in registry in savings deposits — income, how used — clerk defined. — 1. Whenever any funds are paid into the registry of any circuit court and the court determines, upon its own finding or after application by one of the parties, that such funds can be reasonably expected to remain on deposit for a period sufficient to provide income through investment, the court may make an order directing the clerk to deposit such funds as are described in the order in savings deposits in banks, savings and loan associations, or in United States treasury bills. Deposits of such funds in any bank or savings and loan association shall not exceed the limits of the federal deposit insurance on accounts in such institution. All such accounts shall be in the name of the "Clerk of the ____________ Court as Trustee in ____________ (Style and Cause Number)", the exact name to be prescribed in the court's order. The court may prescribe a bond or other guarantee for the security of the fund. Necessary costs, including reasonable costs for administering the investment, may be paid from the income received from the investment of the trust fund. The net income so derived shall be added to and become a part of the principal.
 2. In the absence of such an application by one of the parties within sixty days from the payment of such funds into the registry of the court, the clerk of the court may invest funds placed in the registry of the court in savings deposits in banks or savings and loan associations carrying federal deposit insurance to the extent of the insurance or in United States treasury bills and the income derived therefrom shall be used by the clerk for . . .
* * *
(Emphasis added.)
In Missouri Attorney General Opinion No. 145, Rabbitt, 1970, this office addressed a similar question. A copy of the opinion is enclosed. In that opinion, we considered whether the Clerk of the Circuit Court of the City of St. Louis could invest funds in United States Treasury Notes under Section 483.310, RSMo 1959. Section 483.310, RSMo 1959, only enumerated savings deposits in banks carrying federal deposit insurance as a permissible investment. Therefore, it was the conclusion of this office in Opinion No. 145, Rabbitt, 1970, that the clerk was not authorized to invest in United States Treasury Notes.
Since our 1970 opinion, Section 483.310 has been revised to enumerate additional permissible investments. However, the permissible investments now enumerated do not include mutual funds. Based upon the statutory rules of construction cited in the 1970 opinion, we conclude that the circuit clerk may only invest as specified in Section 483.310, RSMo 1986. Because the enumerated permissible investments do not include mutual funds, we conclude that the circuit clerk has no authority to invest in mutual funds.
CONCLUSION
It is the opinion of this office that the circuit clerk may not invest funds deposited into the registry of the circuit court in mutual funds.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General